## JONES vs. JOHNSON.

An informal and defective declaration combining several forms of action, should be met by demurrer, not by plea to the writ.

*Error to Carroll Circuit Court.*

GARLAND, WHITE & NASH, for plaintiff in error.

Mr. Justice COMPTON delivered the opinion of the court.

The plaintiff below filed his declaration against Johnson, and a writ of replevin was issued thereon, and served upon the defendant. At the return term, the defendant appeared and pleaded in abatement, that the writ was issued without any declaration in replevin having been filed. On issue joined, the finding was for

the defendant, and the writ quashed. This was error. There was a declaration, and the finding on the issue should, therefore, have been for the plaintiff. If the declaration was defective, it should have been met by demurrer, and not by plea to the writ, as for want of a declaration. *Sillivant & Thorn vs. Reardon*, 5 *Ark.*, 140 ; *State vs. Mississippi, Ouachita & Red River R. R. Co.*, 20 *Ark.*, 495. The form of action is misstated in the commencement of the declaration, but we think it sufficiently appears, from the body of the declaration, that replevin in the detinet was the form of action intended, notwithstanding the declaration alleges a finding of the property, as in *trover*, instead of a bailment as in *replevin*. The declaration is certainly informal, and is perhaps, defective in substance : but its legal sufficiency is not a question now before us.

Let the judgment be reversed and the cause remanded, with leave to the plaintiff to amend his declaration should he choose to do so.